UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| CHEYENNE RIVER SIOUX TRIBE, | Case: 3:15-cv-03018-KES |
| Plaintiff, | |
| ROSEBUD SIOUX TRIBE, | |
| Intervenor-Plaintiff, | |
| v. | |
| RYAN ZINKE, Secretary, United States Department of Interior, et al., | |
| Defendants. | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENTS OF MATERIAL FACTS

Defendants hereby submit their response to the Statement of Material Facts ("SMF") filed by Intervenor-Plaintiff Rosebud Sioux Tribe (ECF No. 78) ("RST'S SMF") with its motion for summary judgment, as well as the SMF submitted by Plaintiff Cheyenne River Sioux Tribe (ECF No. 84) ("CRST's SMF"), with its motion for summary judgment. Defendants submit this response, even though they respectfully maintain that such a response should not be necessary for Plaintiffs' consultation arguments, as those are brought under the Administrative Procedure Act and so the Court should therefore "review, not try" the facts found in the Administrative Record. *Bettor Racing, Inc. v. Nat'l Indian Gaming Comm'n*, 47 F. Supp. 3d 912, 918 (D.S.D. 2014), *aff'd*, 812 F.3d 648 (8th Cir. 2016).

**I.    RST's SMF is Improper**

Although local rules require "a separate, short, and concise statement of the material facts" to accompany motions for summary judgment, D.S.D. Civ. LR 56.1(A), RST's SMF contains 270 numbered paragraphs and spans nearly 50 pages. ECF No. 78. Moreover, many of those paragraphs do not contain a single fact, as contemplated by D.S.D. Civ. LR 56.1(A), but rather a collection of statements.

Moreover, a substantial portion of RST's SMF consists not of a statement of material facts, but rather improper legal arguments and conclusions or facts that are immaterial to its summary judgment motion. "Material facts" are those facts which, under the governing substantive law, "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Fed. R. Evid. 401 (stating that "[e]vidence is relevant if . . . the fact is of consequence in determining the action"). RST states a number of purported facts that, regardless of whether true, have no bearing on the outcome of pending summary judgment motions under applicable law.

In sum, RST's SMF fails to further the purpose of such a filing, which is to "isolate[] the facts that the parties assert are material, distinguish[] disputed from undisputed facts, and identif[y] the pertinent parts of the record." *Gardels v. Cent. Intelligence Agency*, 637 F.2d 770, 773 (D.C. Cir. 1980). Nevertheless, and without conceding that RST's SMF is proper, Defendants have attempted to respond to the SMF as set forth below.

## II.     Specific Evidentiary Objections

RST's SMF relies on several pieces of deposition testimony to which Defendants objected at the deposition. In evaluating RST's SMF, Defendants respectfully ask the Court to disregard RST's reliance on the following testimony, which was in response to

2

ambiguous questions: Paragraph 1's reliance on Roessel Dep. 31:24-32:1; Paragraph 59's reliance on Roessel Dep. 59:19-23; Paragraph 3's reliance on Hamley Dep. 65:8-19; Paragraph 10's reliance on Hamley Dep. 65:15-19; Paragraph 63's reliance on Davis Dep. 34:2-12; Paragraph 29's reliance on Yu Dep. 194:10-19; Paragraph 153's reliance on Cheek Dep. at 41:15-22.

Defendants also respectfully ask the Court to disregard RST's reliance on the following testimony, which was in response to questions that called for speculation: Paragraph 151's reliance on Hamley Dep. 121:8-13; Paragraph 136's reliance on Hamely Dep 110:1-14; Paragraph 9 and 154's reliance on Davis Dep. 28:4-21; Paragraph 154's reliance on Stevens Dep. 44:10-45:2. Paragraph 164's reliance on Yu Dep. 199:5-200:4, should likewise be disregarded, as it was a response to a question where there was a lack of foundation. And Paragraph 169's reliance on Roessel 128:19-129:6, should be disregarded, as it was a response to question that was ambiguous, lacking foundation and calling for a legal conclusion.

## III.    Specific Responses to RST's SMF

Without waiving the foregoing objections, Defendants hereby respond to the numbered paragraphs of RST's SMF as follows:

1.   Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  It is undisputed that the restructuring proposal was an action by the Executive Branch with the approval of Congress.

2.   Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment and because the phrase

"germinated from discussions" is vague.  It is undisputed that both Donald Yu and BIE

Director Charles Roessel participated in the creation of the American Indian Education

Study Group ("Study Group").

3.   Defendants do not dispute that the Study Group was formed in September 2013 to

diagnose the causes of chronic academic failure in BIE-funded schools and develop and

implement recommendations to address these causes.

4.   Defendants are not required to respond to this statement because it is not material

to the resolution of the pending motions for summary judgment.

5.   To the extent alleged, Defendants dispute that Roessel and Yu were the leaders of

the Study Group.  Assistant Secretary of Indian Affairs Kevin Washburn chaired the

Study Group.  CRST-001830;[1] Yu Dep. 150:7-12.  Further, although not material to the

resolution of the pending motions for summary judgment, Defendants also dispute RST's

suggestion that William Mendoza was a member of the Study Group "for a short period

of time," as that characterization is not supported by the evidence cited by RST in this

statement.

6.   Defendants are not required to respond to this statement because it is not material

to the resolution of the pending motions for summary judgment.

7.   Defendants are not required to respond to this statement because it is not material

to the resolution of the pending motions for summary judgment.

8.   Defendants are not required to respond to this statement because it is not material

to the resolution of the pending motions for summary judgment.

---

[1] Defendants previously filed the certified administrative record for this action, *see* ECF
Nos. 40-45, and cite to that where possible using the record's bates numbering.

9.   Defendants are not required to respond to the statements in this paragraph because they are not material to the resolution of the pending motions for summary judgment.  To the extent alleged, Defendants dispute that the members of the Study Group lacked any requisite qualifications or knowledge about Indian education generally. Yu Dep. 23:15-18, 151:4-10, 40:15-18, 42:1-2; Roessel Dep. 8:20-9:5; CRST-001830.

10. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Nevertheless, Defendants do not dispute the facts alleged although clarify that Mr. Yu explained that although he was "admitted to the Virginia state bar . . . [he] ha[d]n't practiced [law] in some time."  Yu Dep. 7:1-2.

11. Disputed.  Mr. Yu testified that he had three-and-a-half years of working "pretty extensively" on Native American education issues at the federal level.  Yu Dep. 23:15-18.

12. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  It is undisputed that Mr. Yu began working for the Department of Education in 2009.

13. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  It is undisputed that Mr. Yu began working full time for the Department of Interior in 2014.

14. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

15. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  It is undisputed that Mr. Yu held the title of "Chief Schools Transformation Officer" within the Study Group.

16.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, undisputed.

17. Defendants are not required to respond to this statement because it is a characterization of testimony and is not material or a fact and because the meaning of "enamored" is vague and argumentative.

18.   Undisputed.

19. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  It is undisputed that Ken Wong was a member of the Study Group.

20. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants dispute this statement as incomplete and misleading.  Mr. Yu testified that centralization is a cure "for only particular aspects about the BIE" and that "if you are alluding to the fact do I think we should have increased control over tribes . . . or things like that, that is not the case."  Yu Dep. 47:7-15.

21. Defendants are not required to respond to this statement because it is not a statement of material fact, as required by D.S.D. Civ. LR 56.1(A), but a collection of statements made in an affidavit.  To the extent RST suggests that Defendants did not account for the unique needs of tribes and tribal communities, Defendants dispute that

suggestion.  For example, a new goal for reform was added to the *Blueprint for Reform*[2] to address the "unique concerns from tribal leaders."  Yu Dep: 268:21-269:10.  And Ms. Greyeyes testified that "trying to create a one size fits all was not the concept here.  It was trying to understand the variations and fluctuations of each school.  Because each school was very different."  Greyeyes Dep. 28:18-21.  *See also* CRST-002443.  To the extent RST suggests that Defendants will not provide technical assistance on their reservation after the reorganization, Defendants dispute that suggestion.  The Education Resource Centers ("ERCs") will have mobile School Solutions Teams to provide customized support to meet the unique needs of individual schools.  ST-002443 (2015 Reorganization Tribal Consultation Booklet).

22. Defendants are not required to respond to this statement because it is a characterization of testimony and, therefore, is improperly included in RST's SMF. Nevertheless, Defendants clarify that BIE has 183 schools, Dearman Decl. ¶ 6, ECF No. 91, and it is undisputed that Ms. Greyeyes was the Chief Implementation Officer.

23. Defendants are not required to respond to this statement because it is not a statement of material fact, as required by D.S.D. Civ. LR 56.1(A), but a characterization of statements made in a deposition.  To the extent RST suggests that Plaintiffs were not consulted regarding replacement of Education Line Offices ("ELOs") with ERCs, Defendants dispute that suggestion.  Roessel Dep. 90:15-24, 91:15-19; CRST-000917;

---

[2] Although Plaintiffs repeatedly refer to the general plan to restructure as the "Blueprint for Reform," the agency uses that term to refer to a specific report issued by the Study Group that is dated June 11, 2014.  *E.g.*, CRST-002567; CRST-002455:5:24-25, CRST-002456:6:1-14 (Rapid City Consultation Transcript) (explaining that the 2014 consultations were "about the Blueprint for [R]eform and the Secretarial Order that came later in June."); Yu Dep. 120:12-16 (explaining that "blueprint for reform" was revised as a result of April 2014 meetings).

CRST-002464; *see also* CRST-002364-CRST-002365, CRST-002369, CRST-002371 (presentation to RST including ERC issue); CRST-002180-002181, CRST-002186, CRST-002188 (same, for CRST presentation); CRST-002191- CRST-002192 (reflecting in meeting minutes with CRST that Dr. Roessel explained that ELOs were initially set up as command centers that did not focus solely on education, and that converting to ERCs will allow the BIE to provide personnel to focus on education in BIE-operated and tribally-controlled schools).  To the extent RST suggest that it has not received educational services, Defendants dispute that suggestion.  Dearman Decl. ¶¶ 14-15.

24.  Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Nevertheless, Defendants aver that the proposal "was a group writing" by the members of the Study group, Roessel. Dep. 24:6, and that the information for the Study Group's proposal came from tribes and tribal school officials, Roessel Dep. 15:10-16, 23:20-22.

25. Disputed.  Yu Dep. 159:12-13

26. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Nevertheless, it is disputed to the extent that this statement suggests that Indian tribes or school officials did not contribute to the proposal, as the information for the Study Group's proposal came from tribes and tribal school officials.  Roessel Dep. 15:10-16, 23:20-22.

27. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment and because the meaning of "management consultants" and "bureaucrats" is vague.

28. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment and because the meaning of "management consultants," "corporate concept," and "not really a public, governmental concept" are vague.

29. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants dispute this statement as misleading.  Mr. Yu testified that "maybe 'management consultant' is not the best word, but consultants come in and they ask you how can I help you solve these problems.  And . . . that's what I was trying to get at."  Yu Dep. 194:16-19.

30. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Nevertheless, it is undisputed that Phase I was supposed to utilize existing IE resources and improve support for schools.

31. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants dispute RST's characterization of "centralization," as that characterization is not supported by the testimony cited by RST in this statement.  It is undisputed that the realignment was supposed to improve support to schools.

32. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants dispute this statement, as that specific proposal is not found in the *Blueprint*. CRST-001829-CRST-001895.

33. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment and because the phrases "number of things involving school operations" and "other operational services" is vague. In any event, Defendants dispute that Mr. Yu believed in "centralization or consolidation," as that is not supported by the evidence cited by RST in this statement.

34. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants clarify that Mr. Yu testified that "I don't know the details about the 2016 restructuring."  Yu Dep. 51:7-8

35. Disputed.  Defendants aver that the *Blueprint for Reform* is dated June 11, 2014, and that document was the Study Group's proposal.  CRST-001829, ECF No. 41-2; CRST-002567, ECF No. 43-1; Yu Dep. 120:12-16 (explaining that "blueprint for reform" was revised as a result of April 2014 meetings).

36. Disputed.  Defendants aver that Secretarial Order 3334 is dated June 12, 2014. CRST-001898.  The remainder of this statement is not material to the resolution of the pending motions for summary judgment.  Nonetheless, Defendants dispute that Mr. Yu "primarily authored" Secretarial Order 3334 because that is not supported by the evidence cited by RST in this statement.

37. Disputed to the extent that RST uses the phrase "Blueprint for Reform" interchangeably with "[t]he restructuring effort."  RST's SMF at 2.  It is undisputed that after the Study Group's June 11, 2014 proposal and Secretarial Order 3334, the Study Group started to focus on implementation.

38. Defendants are not required to respond to this statement because it is a characterization of Defendants' restructuring efforts, which is neither a factual statement nor material to the resolution of the pending motions for summary judgment. In any event, Defendants respectfully refer the Court to the Study Group's proposal, CRST-001829-CRST-001895, for a true and complete statement of its contents.

39. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment. In any event, Defendants dispute that the restructuring was "designed" for this purpose because that is not supported by the evidence cited by RST in this statement. Defendants also dispute this statement to the extent it suggests that BIE would not continue to provide educational services, Roessel Dep. 40:24-31:1, or that a tribe's decision to control its own schools was not voluntary, Roessel Dep. 42:6-7.

40. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment. Nonetheless, undisputed.

41. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

42. Undisputed.

43. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

44. Undisputed.

45. Defendants are not required to respond to this statement because it is a legal conclusion regarding the applicability and requirements of the Bureau of Indian Affairs Consultation Policy and 25 U.S.C. § 2011 and thus is not a proper assertion of fact.

46. Defendants are not required to respond to this statement because it is a legal conclusion regarding the basis for consultation and thus is not a proper assertion of fact.

47. Defendants are not required to respond to this statement because it is a legal conclusion regarding how to consult and thus is not a proper assertion of fact. Nevertheless, undisputed that Mr. Yu understood it was important to involve tribes early in the process to allow them to maximize their participation.

48. Undisputed that Don Yu and other federal agencies officials were aware of this Court's prior decision and the need for adequate consultation.  Yu Dep. 187:16-19.

49. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Nevertheless, disputed as incomplete and misleading.  Mr. Yu testified that he "deferred to the solicitor [of the Department of Interior] about appropriate process for that and where we should be going and who we should be talking to."  Yu Dep. 115:12-15.

50. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment and because "As one of the responsible federal officials" is vague.  Nevertheless, disputed as incomplete and misleading.  Mr. Yu testified that he "deferred to the solicitor [of the Department of Interior] about appropriate process for that and where we should be going and who we should be talking to," Yu. Dep. 115:12-15, and that he did not recall if he read the specific consultation policies or statutes, Yu Dep. 116:5.

51. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment and because "As one of the responsible federal officials" is vague.  Nevertheless, it is undisputed that Mr. Yu testified that he "deferred to the solicitor [of the Department of Interior] about appropriate process for that and where we should be going and who we should be talking to," Yu Dep. 115:12-15, and that he did not recall if he read the specific consultation policies or statutes, Yu Dep. 116:5.

52. Undisputed to the extent that the Study Group attended four consultation sessions in April and May 2014, including one at Loneman Day School in Oglala, South Dakota, CRST-000541.  To the extent this statement suggests that BIE had no further meetings or discussions with tribes or stakeholders in 2014, Defendants dispute that suggestion.  ECF No. 40-1 at 9-14.  Defendants also aver that it separately held what the agency referred to as "listening sessions" in 2013, in contrast to the four consultation sessions.  CRST-000540.

53.  Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment and consists of a legal conclusion regarding consultation and thus is not a proper assertion of fact.  In any event, Defendants dispute that Director Roessel's reference to "Listening Sessions" was to the April and May 2014 consultation sessions, CRST-000541 (listing sessions as "consultations" in Federal Register), as opposed to the fall 2013 listening sessions performed by the Study Group.

54. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment and consists of a legal

conclusion regarding consultation and thus is not a proper assertion of fact.  In any event, Defendants dispute any suggestion that one-on-one meetings with tribes were not a part of the consultation process.  CRST-003518 (listing in Tribal Consultation Report the "twelve regional or individual consultations . . . to gather input for the reorganization proposal," which "provided the BIE an opportunity to meet individually with tribes to gain a deeper sense of  their priorities and gather their input on the proposed organizational redesign of the BIE").

55. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment and consists of a legal conclusion regarding consultation and thus is not a proper assertion of fact.  In any event, Defendants dispute any suggestion that webinars with tribes were not a part of the consultation process.  *See, e.g.*, CRST-003518 (listing in Tribal Consultation Report the April 29, 2015 webinar as a national tribal consultation).

56. Defendants are not required to respond to this statement because it is a legal conclusion regarding adequate consultation and thus is not a proper assertion of fact.

57. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants dispute any suggestion that BIE did not provide any documents to the attendees of the April 28, 2014 consultation session.  CRST-000544 (American Indian Study Group Enclosure accompanying Dear Tribal Leader letter that invited tribes to April 28, 2014 consultation); CRST-000561-CRST-000570 (BIE Transformation PowerPoint plan presented at consultation); CRST-000571-CRST-000601 (draft *Blueprint for Reform* "for *[p]urpose of tribal consultation*"); CRST-000894:16:22-25

(Mr. Yu explaining that "All of the feedback that we received during those listening sessions came together in the presentation that you're about to see and also this draft report.  Almost all of these ideas are your ideas.").

58. Defendants are not required to respond to these statements because the statement is incomplete and therefore not material to the resolution of the pending motions for summary judgment.  Defendants dispute any suggestion that they did not inform attendees of the April 28, 2014 consultation of the reorganization, *see* response to ¶ 57, or did not provide adequate opportunity for tribes or stakeholders to make their thoughts known.  Indeed, Defendants aver that BIE welcomed comments from tribes until June 2, 2014, CRST-000543, and RST offered none.

59. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Nevertheless, Defendants dispute that any attendee said "don't change anything" at the referenced meeting, as that comment is not reflected in that meeting's transcript.  CRST-00879-CRST-001139.  Undisputed that some attendees raised financial-related issues.

60. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Defendants refer the Court to the transcript of that meeting for a complete and accurate statement of Mr. Yu's comments and dispute any characterization that is inconsistent with that contemporaneous transcript.  *See* CRST-000906; CRST-00912.

61. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment because it assumes facts not in evidence. Roessel Dep. 63:9-10.

15

62. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment and is also argumentative.  Nevertheless, disputed as mischaracterization of the cited testimony. Davis Dep. 34:13-20.

63. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  To the extent this statement suggests BIE did not present budgetary information at the April 22, 2015 consultation, disputed.  The consultation booklet provided information on how ELOs would change and the functions of ERCs, CRST-002433-CRST-002448, and the agency's presentation provided the position title and level of pay for each proposed position in each ERC, CRST-002575, CRST-002577.  Moreover, BIE explained at that consultation that the presentation was color-coded, such that positions written in black ink reflected education program management positions, while those in blue reflected operations and green reflected DPA positions.  *Id.*; CRST-002515:243:3-7.

64. Defendants are not required to respond to this statement because it is a legal conclusion regarding adequate consultation and thus is not a proper assertion of fact.

65. Disputed.  The Study Group spent several days in South Dakota in 2013 and met with both CRST and RST.  CRST-000057- CRST-000071.  Moreover, Defendants or representatives of Defendants went to the Dakotas on multiple occasions to speak with RST, CRST, or other Dakota tribes, regarding the restructuring, *e.g.*, Farlee Dep. 25:17-19 (discussing meeting between Director Roessel and the Great Plains Tribal Chairman's Association); *id.* 30:19-2 (meeting in Rapid City in July 2014); CRST-003518-CRST-003519 (listing one-on-one meetings with Dakota tribes in 2015), and otherwise made

themselves available to communicate with RST or CRST, *e.g.*, Bordeaux II Dep. 56:25-57:17.

66. Defendants are not required to respond to this statement because it is a legal conclusion and thus is not a proper assertion of fact.

67. Disputed.  RST's reference to "Blueprint for Reform," which it uses to refer generally to "[t]he restructuring effort," is vague.  RST SMF at 2.  Defendants held six consultations from April 22, 2015 to May 15, 2015.  CRST-003518 (Tribal Consultation Report).  Moreover, Defendants had many meetings and conversations with tribes and stakeholders outside of these consultation meetings regarding the reorganization, including one-on-one meetings with the Dakota tribes in 2015.  CRST-003518-CRST-003519; *see also* ECF No. 40-1 at 2-28.

68. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  To the extent this statement suggests that the BIE only held four consultations within two weeks, that statements is disputed.  See prior paragraph.

69. Defendants are not required to respond to this statement because it is speculation and thus not a statement of fact and therefore immaterial to the pending motions for summary judgment.  Defendants aver that their consultation efforts spanned approximately two years.  ECF No. 40-1 at 2-28.

70. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Defendants dispute that the cited non-party individual expressed concern to Mr. Yu because RST cites RST counsel's deposition questioning as the source for this characterization and description,

which is not itself admissible evidence.  With respect to the statement about Mr. Yu, undisputed that Mr. Yu understood the need for urgent reform, but dispute any suggestion that means consultation was inadequate or rushed.  *E.g.*, Yu Dep. 110:15-111:11.

71.  Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Defendants aver that Mr. Yu responds to the cited email, asking Mr. Lunderman if he would like to have a call to allow Mr. Yu to provide him an update, including about Mr. Lunderman's question regarding an ERC at Pine Ridge.  ECF No. 81-6 at 43.

72. Disputed as incomplete and misleading characterization of Mr. Yu's testimony. Specifically, Mr. Yu testified that he did not think consultation and the urgency of reform were mutually exclusive.  Yu Dep. 110:15-111:11.

73. Defendants are not required to respond to this statement because it is speculation and thus not a proper assertion of fact.  Moreover, it is immaterial to the pending summary judgment motions.  Defendants aver that Mr. Yu explained that he "would not say that would be common across the country" and that he "think[s] we did more consultations and listening sessions as a result of that."  Yu Dep. 113:17-114:6.

74.  Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Defendants aver that Mr. Yu informed Ms. Bordeaux that she sent her email to an email address that did not work, and it is not clear how, if it all, this discussion relates to the challenged reprogramming.  ECF No. 81-6 at 49-50.  Moreover, Ms. Bordeaux testified that Mr. Yu "tried really hard to help," that they spoke "once a month on . . . average," and that "he

encouraged that if [she] had a question to not hesitate to contact him."  Bordeaux II Dep. 56:25-57:17.

75. Contrary to D.S.D. Civ. LR 56.1(A), this paragraph contains two statements. Defendants are not required to respond to the first statement regarding the duty to consult because it is a legal conclusion and thus is not a proper assertion of fact.  With respect to the second statement, Defendants do not dispute that the Federal Register notice was posted on March 25, 2015, in advance of the April 22, 2015 consultation.

76.  Disputed.  The Tribal Consultation Booklet was publicly available on BIE's website before April 22, 2015.  CRST-002435 (Notice); CRST Compl. ¶ 60; RST Compl. ¶ 53.  Defendants also dispute that this was the "first consultation on the Blueprint for Reform" with Plaintiffs, as the parties had met previously at the Loneman Day School in the spring of 2014 to discuss that document, CRST-000879-CRST-001176 (Loneman Day School Transcript), and Defendants had other meetings with Plaintiffs.  For example, Defendants visited CRST and RST for a one-on-one consultation in February and March of 2015, respectively, CRST-002190, CRST-002394-CRST-002396.

77. Disputed.  Defendants made other resources publicly available, such as the *Blueprint for Reform*, CRST-001829, and the Greenbook, Dearman Decl. ¶ 3.

78. Disputed to the extent that this statement suggests that the Defendants provided no budgetary or staffing information to the tribes.  Defendants aver that the consultation booklet provided information on how ELOs would change and the functions of ERCs, CRST-002433-CRST-002448, and the agency's presentation at the April 22, 2015 consultation provided the position title and level of pay for each proposed position in each ERC, CRST-002575, CRST-002577.  Defendants also discussed budgetary matters

elsewhere.  *E.g.*, CRST-003516; CRST-003684-CRST-003687; CRST-3893-CRST-003901.

79. Disputed.  Defendants aver that the consultation's transcript reveals no such request.  CRST-002454-CRST-002521.

80. Undisputed that concerns about the restructuring and treaty rights were raised.

81. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Nevertheless, to the extent Plaintiffs suggest Mr. Roessel was untruthful at consultations or meetings regarding the restructuring, disputed, as Plaintiffs present no such evidence.

82. Undisputed.

83. Disputed as misquoting presentation.  That presentation states: "BIE Transformation – Clarified BIE is to become less top heavy and more resources would be driven to schools along with support for Tribal requests to control and operate schools.  ERCs would provide technical assistance and not oversight."  RST Exhibit 16.

84. Undisputed that some tribes stated upper level management should not grow and that schools should receive more money.

85. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

86. Contrary to D.S.D. Civ. LR 56.1(A), this paragraph contains two statements, neither of which is material to the resolution of the pending summary judgment motions.  RST fails to explain how RST Exhibit 9 is admissible evidence or otherwise a final document that reflects accurate information.  Both the exhibit itself, as well as the email to which RST Exhibit 9 was attached, BIE00011297, make clear that Exhibit 9 is a draft.

To the extent RST is stating as a fact there were 95 Management FTEs before the restructuring and 113 after, that statement is disputed.  Herrin Dep. 51:210; 52:15-16; 53:10-12; CRST-003812.  Moreover, Defendants aver that Education Program Management FTEs would be stationed in ERCs under the reorganization.  CRST-003827.

87.  Contrary to D.S.D. Civ. LR 56.1(A), this paragraph contains two statements, neither of which is material to the resolution of the pending summary judgment motions.  RST fails to explain how RST Exhibit 10 is admissible evidence or otherwise a final document that reflects accurate information.  And the email to which RST Exhibit 10 was attached makes clear that this exhibit is a draft.  *See* BIE00011297.  To the extent RST is stating as a fact that there was a net reduction of 33 field level FTEs, that statement is disputed.  Herrin Dep. 51:210; 52:15-16; 53:10-12; CRST-003816-CRST-003817.

88. Contrary to D.S.D. Civ. LR 56.1(A), this paragraph contains two statements.  Defendants dispute the first statement as RST fails to cite in this statement any admissible evidence showing that Ms. Gillette made this statement.  Defendants dispute the second statement to the extent that it suggests that the agency had already begun to implement the reorganization.  Mr. Yu explained that the reprogramming that Plaintiffs challenge "was a small piece of the overall transformation plan" and had *not* started by July 2014.  Yu Dep. 56:16-17; Yu Dep. 241:14-20.  It was *other* initiatives from the *Blueprint for Reform* that had started by that time, such as "budget increases" and "[g]etting Verizon to start implementing this commitment . . . for millions of dollars for broadband."  Yu Dep. 241:14-242:4.

89. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment, and it does not cite any admissible evidence as support for the statement.

90. Contrary to D.S.D. Civ. LR 56.1(A), RST's paragraph contains two statements. With respect to the statements describing the contents of the email, Defendants respectfully refer the Court to the cited email for a complete and accurate statement of its contents.  RST Exhibit 27.  With respect RST's statement that this email was written "*before* the first of four (4) consultations were actually held beginning on April 22, 2015," Defendants dispute any suggestion that no consultation had occurred prior to or after this email, or that changes were not made to the reorganization proposal after this email in response to stakeholder concerns.  *See, e.g.*, CRST-001133:255:15-19 (Loneman Consultation Transcript); CRST-002460:24:11-13, CRST-002501:187:6-23, CRST-002502:192:24-193:11 (Rapid City Consultation Transcript); *compare* CRST-002571 (April 22, 2015 presentation with ERC in Rapid City), *with* CRST-003517 (Tribal Consultation Report explaining change to Kyle).

91. To the extent this statement suggests that Defendants did not consult either before or after the referenced email, or that no changes were made in response to tribal concerns, that statement is disputed.  *See* Response to ¶ 90.

92. Disputed.  See RST Ex. 4.

93.   Disputed, except to the extent that Mr. Hamley understood that his signature was necessary for congressional approval.  Hamley Dep. 112:5-18; Greyeyes Dep. 72:23-75:4.

94.   Defendants are not required to respond to this statement because the referenced statement concerns a legal conclusion regarding adequate consultation and thus is not a proper assertion of fact.

95. Undisputed to the extent that the Great Plains Tribal Chairmen's Association provided BIE with a presentation.  See CRST Ex. 5.

96. Defendants are unable to respond to this statement because "fully considered" is vague.  To the extent RST suggests that Defendants' did not consider RST's, the Great Plains Tribal Chairmen's Association's, or Dakota tribes' concerns, Defendants dispute that suggestion. *E.g.*, CRST-002132; Farlee Dep. 25:17-19; CRST-002394-CRST-002396; CRST-001133:255:15-19; CRST-002460:24:11-13, CRST-002501:187:6-23, CRST-002502:192:24-193:11; CRST-003684; Roessel Dep. 151:11-12; *compare* CRST-002186 (February 2015 presentation to CRST did not include position in organization chart), *with* CRST-002575 (April 22, 2015 presentation did include position).  *See* CRST-002571, CRST-003517.

97. Contrary to D.S.D. Civ. LR 56.1(A), RST's paragraph contains several statements.  Defendants do not dispute that they asked for tribal input on the Strategic Plan or that the Great Plains Tribal Chairmen's Association sent a response, and that Defendants did not implement the Great Plains Tribal Chairmen's Association's exact plan.  To the extent RST suggests that Defendants' did not consider or address RST's, the Great Plains Tribal Chairmen's Association's, or Dakota tribes' concerns, Defendants dispute that suggestion.  See response to paragraph 96.

98. Contrary to D.S.D. Civ. LR 56.1(A), RST's paragraph contains several statements.  Defendants do not dispute that the Great Plains Tribal Chairmen's

Association sent a resolution and cover letter opposing the reprogramming.  CRST-004105-CRST-00411.  Undisputed to the extent that Defendants did not implement this exact resolution and cover letter, but Defendants cannot answer the statement that it was not "fully considered" because that is vague.  The extent RST suggests that Defendants' did not consider or address RST's, the Great Plains Tribal Chairmen's Association's, or Dakota tribes' concerns, Defendants dispute that suggestion.  See response to paragraph 96.  Defendants further dispute RST's suggestion that the agency "did not make a determination giving substantial reasons" for the reorganization.  *E.g.*, CRST-003808-CRST-003817 (Interior Letter to Congress), CRST-004022-CRST-004103 (Interior Letter to Congress).

99. Defendants are not required to respond to this statement because what occurred prior to the consultation efforts is not material to the resolution of the pending motions for summary judgment.

100.       Undisputed that there was tribal opposition to the reorganization at the April 22, 2015 consultation.

101.       Undisputed, except to the extent that "substantive" is vague.

102.       Undisputed that certain tribes, such as Plaintiffs, expressed an interest in ELOs remaining on their reservations.

103.        Undisputed.

104.       This statement pertains to a nonparty in this action, and is therefore not material to the pending summary judgment motions.

105.       Disputed insofar as the deposition testimony cited makes no mention of a resolution by Ogalala Sioux Tribe or Cheyenne River Sioux Tribe.

106.     Undisputed that RST opposed the restructuring.

107.     Undisputed that concerns regarding added employees and bureaucracy were expressed.

108.     Undisputed that BIE did not change the reorganization to include ELOs. To the extent this statement suggests that BIE made no changes to the field office structure in response to plaintiffs' concerns, Defendants dispute that suggestion.  CRST-002460:24:11-13, CRST-002501:187:6-23, CRST-002502:192:24-193:11 (Rapid City Consultation Transcript); CRST-002571, CRST-003517.

109.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph contains a collection of statements.  It is undisputed that someone from Sicangu Owayawa Oti spoke at the cited session.  Defendants respectfully refer the Court to the transcript of the April 22, 2015 consultation session and RST Exhibit 28, for a complete and accurate statement of their contents.

110.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph contains two statements.  Defendants dispute the first statement except to admit that an ERC was not placed on RST's reservation.  BIE made changes to the field office structure after the April 22, 2015 consultation.  CRST-002571, CRST-003517, CRST-003815.  Defendants also dispute that there was no ELO staff stationed at Rosebud or that the tribe did not receive technical assistance from BIE.  Dearman Decl. ¶¶ 14-15.

111.     This paragraph does not state a fact that is material to the pending motions and the question is vague as RST uses the phrase "Blueprint for Reform" to refer generally to "[t]he restructuring effort."  RST's SMF at 2.  Defendants aver that they made several changes to the restructuring proposal after July 2014.  *See, e.g.*, CRST-

002571, CRST-003517, CRST-003815.  To the extent RST is referencing the Study Group's document proposal dated June 11, 2014, and located in the administrative record at CRST-001829, undisputed, except to clarify that there is a July 9, 2014 version that was revised for typographical and formatting inconsistencies.  CRST-001902.

112.    Contrary to D.S.D. Civ. LR 56.1(A), this paragraph contains two statements.  Defendants dispute RST's first statement that BIE decided to move an ERC to Kyle, South Dakota before the April 22, 2015 consultation.  RST fails to cite any evidence in this statement to support that purported fact.  *See* CRST-002501:186:23-25, 187:18-18-23 (Rapid City Consultation Transcript); *see also* CRST-002446; CRST-002571 (Consultation presentation showing ERC at that time in Rapid City, South Dakota).  With respect to the second statement, Defendants do no dispute to the extent that they did not notice a consultation in the Federal Register after moving an ERC to Kyle.  To the extent RST suggests that moving the ERC to Kyle was not done after consultation and in response to concerns voiced by stakeholders, Defendants dispute that suggestion.  CRST-003517; Roessel Dep. 147:9-148:20.

113.    Contrary to D.S.D. Civ. LR 56.1(A), this paragraph contains a collection of statements, many of which are not assertions of fact that are material to the pending motions for summary judgment.  In any event, to the extent this statement suggests that Mr. Yu never responded to Mr. Lunderman, disputed.  Mr. Yu wrote Mr. Lunderman in an email dated July 14, 2015, that he had "an update about your question regarding Pine Ridge" and asking Mr. Lunderman if he would like to talk on the phone.  ECF No. 81-6 at 43.  And moving the ERC to Kyle was done following consultation.  CRST-003517; Roessel Dep. 147:9-148:20.

114.    This statement is not material to the pending motions for summary judgment because it concerns a non-party to this action.  Defendants dispute any suggestion that Plaintiffs and their members and schools were able to participate in the consultation process.  *E.g.*, CRST-000885:7:20-24 (explaining at April 2014 consultation that BIE "allowed elected tribal leaders to speak first, and then after that others can speak"); CRST-002455:4:1-15 (explaining at April 2015 consultation that "we've asked the tribal leaders . . . speak first, sometimes they have other places to go, and then after that, then others can talk," and "that "in no way diminishes what we're hearing form the different areas and the different levels, but it's just a way to try to keep things moving"); Bordeaux Dep. Vol. II 20:19-24 (stating that RST school representatives were at March 2015 one-on-one consultation).

115.    Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Nevertheless, to the extent Plaintiffs suggest their members and schools were able to participate in the consultation process, Defendants dispute that suggestion.  *See* Response to Paragraph 114.

116.    This statement is not material to the pending motions for summary judgment.  It is undisputed that Defendants allowed tribal school officials to participate in tribal consultations.

117.    Defendants are not required to respond to this statement because it is a legal conclusion regarding how to consult and thus is not a proper assertion of fact.

118.    Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment   In any event,

Defendants dispute any suggestion that such outreach was only to convince Congress to approve the reprogramming.  *See, e.g.*, Roessel Dep. 144:6-9 ("BIE explained what [it was] looking at to anybody that would listen.").

119.    Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment

120.    Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

121.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

122.    Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

123.    Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  It is undisputed that Mr. Yu, Mr. Roessel, and Mr. Mendoza attended this meeting.

124.    Defendants are not required to respond to this statement because it concerns a nonparty to this action and is not material to the resolution of the pending motions for summary judgment.

125.    Defendants are not required to respond to this statement because it concerns a nonparty to this action and is not material to the resolution of the pending motions for summary judgment.

126.    Defendants are not required to respond to this statement because it concerns a nonparty to this action and is not material to the resolution of the pending motions for summary judgment.

127.     Defendants are not required to respond to this statement because it concerns a nonparty to this action and is not material to the resolution of the pending motions for summary judgment.

128.     Defendants are not required to respond to this statement because it concerns a nonparty to this action and is not material to the resolution of the pending motions for summary judgment.

129.     Defendants are not required to respond to this statement because it concerns a nonparty to this action and is not material to the resolution of the pending motions for summary judgment.

130.     Defendants are not required to respond to this statement because it concerns a nonparty to this action and is not material to the resolution of the pending motions for summary judgment.

131.     Defendants are not required to respond to this statement because it concerns a nonparty to this action and is not material to the resolution of the pending motions for summary judgment.

132.     Defendants are not required to respond to this statement because it concerns a nonparty to this action and is not material to the resolution of the pending motions for summary judgment.

133.     Defendants are not required to respond to this statement because it concerns a nonparty to this action and is not material to the resolution of the pending motions for summary judgment.  In any event, disputed, as Director Roessel testified that "some of these, I believe, were covered in the reorg[anization] work," Roessel Dep. 142:22-23.  Moreover, Defendants' response to tribal concerns is evident in the Tribal

Consultation Report, CRST-003515, and in consultation session transcripts, *e.g.*, CRST-002460:24:11-13.

134.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, disputed as misleading and incomplete, as Director Roessel testified that Congress asked BIE to get NCAI's support.  Roessel Dep. 144:10-21.

135.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

136.     This statement is not material to the pending motions for summary judgment.  In any event, disputed because the notion that "Congress was being misled" is unsupported by the cited evidence.

137.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants dispute any suggestion that they were moving forward with the final restructuring challenged in this action.  Roessel Dep. 239:10-13 (explaining that ERCs would be staffed only after the agency received Congress' approval).

138.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

139.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

140.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

141.      Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

142.      Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

143.      Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

144.      Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

145.      Contrary to D.S.D. Civ. LR 56.1(A), RST's paragraph contains multiple statements.  Defendants are not required to respond to these statements because they are not material to the resolution of the pending motions for summary judgment.  In any event, Defendants dispute that Roessel said "major," and Defendants aver that he further testified that Committee Chairs gave "support with clarification."

146.      Disputed to the extent that the cited evidence does not support RST's statement that it was provided a copy on September 17, 2015.

147.      Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

148.      Undisputed.

149.       Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, disputed as vague as to "hard questions," and the cited deposition testimony does not state that "hard questions" were asked "at the time" of the approval.

150.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

151.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants aver that they understood that consultations needed to be "by the book."  Yu Dep. 187:16-19

152.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, disputed, as RST cites as evidence only RST's counsel's statements at the deposition. *See* Yu Dep. 186:2-7.

153.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph contains multiple statements.  Defendants are not required to respond to these statements because they are not material to the resolution of the pending motions for summary judgment.  To the extent RST suggests that Defendants were not transparent during the consultation process, Defendants dispute that suggestion.  *E.g.*, CRST-001855, CRST-001865, CRST-003684-CRST-003687, CRST-003515.

154.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Also disputed as vague because RST's statement discusses "drafting" a plan but uses "Blueprint for Reform" to refer generally to "[t]he restructuring effort" elsewhere.  RST's SMF at 2. The information for the *Blueprint* came from tribes and school officials.  Roessel Dep. 15:10-16, 23:20-22.

155.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, disputed to the extent it suggests that consultation was inadequate due to a desire to get "restructuring done before the end of the administration."  Mr. Yu testified that urgency did not prevent adequate consultation.  Yu Dep. 111:10-11.

156.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

157.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

158.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Disputed to the extent it suggests that the restructuring was not designed to produce better outcomes for students.  CRST-003808.

159.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph contains multiple statements.  Undisputed that BIE said that as a result of the restructuring it would be streamlined and less top heavy and that more resources would be closer to schools.  Defendants Dispute the last statement—that "the opposite was true, there are now less services and more bureaucracy"—as vague and argumentative, and therefore not proper for inclusion in a statement of material facts.  The reorganization is designed to strengthen BIE's capability to address school operating needs and provide greater oversight and improved service delivery to BIE schools.  CRST-003808.

160.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event,

disputed.  The phrase "Contrary to this" is vague, and appropriations increased for more than only BIE management.  *E.g.*, Dearman Decl. ¶ 16.

161.     Disputed.  See responses to paragraphs 86 and 87.

162.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

163.     Undisputed.

164.     Disputed as misleading and not supported as the statement that there was a "diminishment of 33 field level positions after the restructuring."  *See* responses to paragraphs 86, 87, 161.  Defendants are not required to respond to the remaining statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment.

165.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements made at a deposition. Defendants are not required to respond to the statements in this paragraph because they are not material to the resolution of the pending motions for summary judgment

166.     Disputed as ambiguous.  Moreover, to the extent the statement suggests that the structural changes were not designed to improve academics, that statement is disputed.  *E.g.*, CRST-001830 (Study Group tasked with "diagnos[ing] the causes of too common academic failure in BIE-funded schools").

167.     Disputed as misleading.  *See* Roessel Dep. 81:20-82:1; CRST-002482:113:8-12, CRST-002485:122:1-16.

168.     Undisputed except to the extent that "monitor and education BIE programs" is vague.

169.     Defendants are not required to respond to this statement because it is a legal conclusion and thus is not a proper assertion of fact.

170.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  To the extent that this statement alleges that Defendants improperly implemented the reorganization prior to congressional approval, that statement is disputed.  *See, e.g.*, Roessel Dep. 117:17-119:11, 125:15-19.

171.     Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment.

172.     Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment. In any event, disputed as vague as to "struggled to keep up."

173.     Disputed.  Director Roessel testified that he "wouldn't know the numbers," and that although "there was some reduction, . . . the next phases would actually have increases."  Roessel Dep. 107:13-17.

174.     Undisputed, except for RST's argumentative characterization that this was a "centralization" because that is not supported by the evidence cited by RST in this statement.

175.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph contains multiple statements.  Undisputed that ERCs will not be located on Plaintiffs' reservations after the reorganization, but disputed insofar as RST suggests that there will be no ERCs on

reservations.  CRST-003815.  Defendants aver that in planning the ERCs, the agency considered two major factors: proximity to the schools served, and the needs of the schools.  CRST-003809, 003815 (Interior Letter to Congress).

176.      Defendants are not required to respond to this statement, which contains RST's argumentative characterization of testimony rather than a material fact.  In any event, disputed.  Mr. Yu testified about how evidence supported the agency's plan, and then testified that "if you're asking specifically about like the number of miles between an office and another office and, like, is there evidence about that, I don't think that exists."  Yu Dep. 160:11-162:21.

177.      Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment.

178.      Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment. In any event, disputed because the statement relies on statements by RST's counsel at the deposition rather than admissible evidence.

179.      Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment. In any event, disputed.  Mr. Yu testified that "I don't know the number of ERCs in specific regions," and he was not asked about and did not mention ADDs in the excerpt cited by RST.

180.      Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment. In any event, disputed.  The Congressional Appropriations Committees approved the

reorganization.  Roessel Dep. 241:6; *id.* 239:10-13 (explaining that ERCs would be staffed only after the agency received Congress' approval).  Mr. Yu explained that the decision as to when to initiate a reprogramming request with Congress was not Director Roessel's decision to make.  Yu Dep. 69:13-18.  And vacancies "just happened" because of things like retirements, and "it wasn't in terms of . . . the reforms," Roessel Dep. 117:17-24, 118:4-7, and the agency "had a hard time filling them."  Roessel Dep. 117:17-119:11; Greyeyes Dep. 70:18-71:25.

181.     Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment. In any event, it is undisputed that the *Blueprint for Reform* was dependent upon adequate funding and BIE support.

182.     Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment. Nevertheless, undisputed to the extent that the Minneapolis office provided assistance to Plaintiffs.

183.     Disputed as mischaracterization of cited testimony and unsupported by the evidence cited in this statement.  Mr. Hamley lacks personal knowledge, as he testified that "I don't know if this is the reason."  Hamley Dep. 84:21-22; Yu Dep. 15:16-22; Yu Dep. 110:15-111:11.

184.     Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment.

185.     Undisputed.

186.     Undisputed that all ELOs in South Dakota were on reservations before the reprogramming.  Disputed to the extent RST suggests reorganization of field offices has been implemented in the Dakotas to date.  *See, e.g.*, Dearman Decl. ¶ 14.

187.     Disputed.  Director Roessel testified that BIE "did not consider" the line offices "closed, just that we didn't have the personnel," and the agency was "in a position where [it] had to cover" by "distribut[ing] the oversight to other people."  Roessel Dep. 125:15-19.

188.     Disputed.  Ms. Davis testified that the line office closed "[p]hyscially," but that a BIE employee was sent back out to the reservation, and that an office was made at the BIA to provide services.  Davis Dep: 10:17-11:6.

189.     Defendants are not required to respond to the statement in this paragraph because it addresses offices not located in the Dakotas and is not material to the resolution of the pending motions for summary judgment.  In any event, disputed as unsupported by the cited evidence and misleading.  Davis Dep. 12:7-9; Greyeyes Dep. 70:13-17; Stevens Dep. 64: 13-17.

190.     Defendants are not required to respond to the statement in this paragraph because it addresses a witness' understanding of legal authority and is not material to the resolution of the pending motions for summary judgment.

191.     Defendants are not required to respond to this statement because it is a legal conclusion and thus is not a proper assertion of fact.

192.     Undisputed that individuals had left ELOs.  Defendants cannot respond to the statement "were reduced by attrition" because it is in the passive voice and vague.  To

the extent Plaintiffs suggest that BIE made individuals leave ELOs because of the restructuring, Defendants dispute that suggestion. Roessel Dep. 117:17-24, 118:4-7

193.        Disputed as mischaracterization of cited testimony. Davis Dep. 18:16.

194.        Undisputed.

195.        Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment.

196.        Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements made at a deposition. Defendants need not respond to these statements because they are not material to the resolution of the pending motions for summary judgment. To the extent RST suggest that it is not receiving technical assistance from BIE, Defendants dispute that suggestion. Dearman Decl. ¶¶ 14-15.

197.        Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment.

198.        Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment. In any event, RST's statement is incomplete. Ms. Greyeyes testified that the agency was "responding to questions from Congress," that "it wasn't starting the reorganization," and that they were collecting information "in order to get the ball rolling for Congressional approval." Greyeyes Dep. 72:23-75:4.

199.        Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment. *See also* response to paragraph 198.

200.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment. *See also* response to paragraph 198.

201.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.  To the extent this statement suggests BIE implemented the challenged restructuring at this time, Defendants dispute that suggestion. *See* response to paragraph 198.

202.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment. To the extent this statement suggests BIE implemented the challenged restructuring at this time, Defendants dispute that suggestion.  *See* response to paragraph 198.

203.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.  To the extent this statement suggests that Defendants did not adequately consult, Defendants dispute that suggestion.  *E.g.*, Yu Dep. 110:15-111:11; ECF No. 40-1 at 2-28.

204.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.

205.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.  In any event, the statement is not supported by the evidence cited in this paragraph.

206.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.  To the extent this statement suggests BIE implemented the challenged restructuring before

Congressional approval or in the Dakotas, Defendants dispute that suggestion. *See* response to paragraph 213; *see also* Dearman Decl. ¶ 14.

207.     Defendants are not required to respond to the statement in this paragraph it reflects RST's understanding, which is neither a fact nor material to the resolution of the pending motions for summary judgment. In any event, Defendants dispute the accuracy of that understanding. Mr Yu. explained that pillar of the *Blueprint*:   The Study Group "heard so much in the consultations about the issues that tribes faced," took into account tribes' "unique circumstances," and sought to "increase the budget for those items," such as "funding for major repairs [in] school buildings" and "for new school construction," as well as increasing the funding to fully support the operating costs of Tribally-controlled schools, which had previously received only a fraction of the necessary funding. Yu Dep. 256:21-258:22.

208.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements made at a deposition. To the extent RST suggests the reorganization was not supported by evidence or that it is not receiving technical assistance from BIE, Defendants dispute that suggestion. *See* Defendants' response to paragraph 167. Dearman Decl. ¶¶ 14-15.

209.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements made at a deposition. To the extent RST suggests BIE closed its ELO, Defendants dispute that suggestion. *See* Defendants' responses to paragraphs 170, 188. Moreover, BIE provides the Tribe funding for ELO services to the tribal school under an ISDEAA contract, and have continued to provide RST technical assistance. Dearman Decl. ¶¶ 14-15.

41

210.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements made at a deposition.  The vast majority of these statements are not material to the pending motions for summary judgment.  To the extent RST suggests that it is not receiving technical assistance from BIE, Defendants dispute that suggestion.  Dearman Decl. ¶¶ 14-15.

211.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements made in RST's interrogatory responses.  The vast majority of these statements are not material to the pending motions for summary judgment.  To the extent RST suggests that BIE closed its ELO or it is not receiving technical assistance from BIE, Defendants dispute that suggestion.  *See* Defendants' responses to paragraphs 170, 188 and Dearman Decl. ¶¶ 14-15.

212.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather RST's position.  To the extent RST suggests that Defendants will not provide technical assistance on their reservation after the reorganization, Defendants dispute that suggestion.  The ERCs will have mobile School Solutions Teams that are able to provide customized support to meet the unique needs of individual schools.  CRST-002443 (2015 Reorganization Tribal Consultation Booklet).  Defendants also dispute any suggestion that they have not provided technical assistance to RST.  Dearman Decl. ¶¶ 14-15.

213.     Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.  In any event, disputed to the extent this statement suggest that the agency implemented the

42

restructuring in September 2014.  The only organization chart initially attached to this September memo is an unsigned organization chart, and the locations of several ERCs are listed as "TBD" or otherwise do not reflect the final proposed restructuring proposal sent to Congress.  CRST-003815 (Interior Letter to Congress); Dearman Decl. ¶ 20. Defendants did not start staffing or "close" ELOs as a result of this memorandum. Vacancies "just happened" because of things like retirements, and it "it wasn't in terms of . . . the reforms," Roessel Dep. 117:17-24, 118:4-7.  And Mr. Stevens testified that there was no conscious effort to reduce line office personnel around 2013 or 2014.  Stevens Dep. 64: 13-17.  Roessel Dep. 241:6; *id.* 239:10-13 (explaining that ERCs would be staffed only after the agency received Congress's approval).

214.    Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements.  In any event, disputed as vague and misleading.  With respect to the statement regarding the September 2014 memo, see response to paragraph 213. *See also* Greyeyes Dep. 72:8-16; Greyeyes Dep. 72:23-75:4.

215.    Disputed.  The cited evidence does not show that the signing of this organization chart "affected Plaintiff Cheyenne River Sioux Tribe's BIE-operated school on its reservation."  *See also* response to ¶ 214.

216.    Disputed as mischaracterization of the cited email.  The email's author states that he has "received mixed information" and that he "was told the Cheyenne River and Crow Creek/Lower Brule ELOs no longer exist" and to correct him if he is wrong but "the ELOs should still exist."

217.     Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment.

218.     Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment.

219.     Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment. It is undisputed that Mr. Yu was in communication with NCAI.

220.     Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment.

221.     Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment.

222.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements. Defendants are not required to respond to these statements because they are not material to the resolution of the pending motions for summary judgment.  In any event, disputed as mischaracterization of testimony.  Yu Dep. 127:1-134:14; Roessel Dep. 93:21-24.

223.     Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements. Defendants are not required to respond to these statements because they are not material to the resolution of the pending motions for summary judgment.  In any event, Defendants dispute RST's characterization of "centralized" and that Paul Vallas was a "consultant used by Yu and the BIE in the restructuring process" as vague and not supported by the evidence cited in this statement.

44

224.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.

225.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.

226.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.

227.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.

228.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment. In any event, Defendants clarify that the referenced quotation comes from a journalist in a news article, not Mr. Yu's testimony.

229.      Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.

230.      Defendants are not required to respond to the statements in this paragraph as they are not material to the resolution of the pending motions for summary judgment. In any event, Defendants clarify that Mr. Yu testified that Mr. Vallas did a principal training session, and with respect to the "contractor or subcontractor" label, Mr. Yu explained that he was "not sure what the right word was." Yu Dep. 183:20-184:4.

231.      Undisputed.

232.      Defendants are not required to respond to the statement in this paragraph because it is not material to the resolution of the pending motions for summary judgment.

233.     Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants aver that they were aware of the directive of the House Appropriations Committee.

234.     Defendants are not required to respond to the statement in this paragraph it is not material to the resolution of the pending motions for summary judgment. Defendants also clarify that Mr. Yu defined "implementation" to mean "completing all of the objections [sic] in the blueprint," Yu Dep. 55:20-21, and that the reprogramming "was a small piece of the overall transformation plan."  Yu Dep. 56:16-17.

235.      Defendants are not required to respond to the statement in this paragraph because it is not a fact that is material to the resolution of the pending motions for summary judgment.

236.     Defendants are not required to respond to the statement in this paragraph because it is not a fact that is material to the resolution of the pending motions for summary judgment.

237.     Defendants are not required to respond to the statement in this paragraph because it is not a fact that is material to the resolution of the pending motions for summary judgment.

238.     Defendants are not required to respond to the statement in this paragraph because it is not a fact that is material to the resolution of the pending motions for summary judgment.  In any event, to the extent Plaintiffs suggest that BIE lacked authority for these grants, Defendants dispute that suggestion.  Roessel Dep. 68:8-14.

239.     Defendants need not respond to this statement because it is a legal argument that is improperly included in RST's SMF and is not otherwise material to the pending motions for summary judgment.  In any event, disputed as a mischaracterization of Mr. Roessel's testimony.  Roessel Dep. 68:8-14.

240.     Defendants are not required to respond to the statement in this paragraph because it is not a fact that is material to the resolution of the pending motions for summary judgment.  In any event, disputed as speculation unsupported by evidence. Hamley Dep. 90:9, 17.

241.     Defendants are not required to respond to the statement in this paragraph because it is not a fact that is material to the resolution of the pending motions for summary judgment.

242.     Defendants are not required to respond to the statement in this paragraph because it is not a fact that is material to the resolution of the pending motions for summary judgment.  In any event, Defendants aver that Ms. Greyeyes testified that she knew it "because it was in the Green Book."  Greyeyes Dep. 106:22-23.  Moreover, BIE explained that it would use enhancement funds in the Tribal Consultation Report.  CRST-003516; *accord* CRST-003685.

243.     Defendants are not required to respond to the statement in this paragraph because it is not a fact that is material to the resolution of the pending motions for summary judgment.  Moreover, Defendants cannot respond to this statement because it is vague in that it does not state who asked for information and when.  Nevertheless, undisputed to the extent that during the approximately two-year consultation process, some tribes asked financial-related questions.

47

244.     Defendants are not required to respond to these statements because they are legal conclusions and thus not a proper assertion of fact.

245.     Defendants are not required to respond to these statements because they are legal conclusions and thus not a proper assertion of fact.

246.     Undisputed.

247.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants aver that Director Roessel testified that a tribe's decision to run its own school is voluntary.  Roessel Dep. 42:6.

248.      Defendants are not required to respond to this statement because it is a description of a witness's understanding of the law, which is neither a factual statement nor material to the resolution of the pending motions for summary judgment.

249.     Defendants are not required to respond to this statement because it is a legal conclusion rather than a factual statement.

250.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants aver that they have provided technical assistance to Plaintiffs.  Dearman Decl. ¶¶ 14-15.

251.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, Defendants aver that they have provided technical assistance to Plaintiffs.  Dearman Decl. ¶¶ 14-15.

252.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Moreover, Defendants cannot respond because it is vague as to what point in time RST refers.  To the extent that RST suggests that school improvement specialists will not be in ERCs, Defendants dispute that suggestion.  CRST-002577.

253.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  Moreover, Defendants cannot respond because it is vague as to what point in time RST refers.  See response to paragraph 252.

254.     Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.  In any event, undisputed that ERCs are not planned to be stationed on either RST or CRST's reservation.  But the ERCs will have mobile School Solutions Teams that are able to provide customized support to meet the unique needs of individual schools.  CRST-002443 (2015 Reorganization Tribal Consultation Booklet).  *See also* response to paragraph 252.

255.     Defendants are not required to respond to this statement because it is a legal conclusion and thus not a proper assertion of fact.

256.     Defendants are not required to respond to these statements because they are legal conclusions and thus not a proper assertion of fact.

257.     Defendants are not required to respond to these statements because they are legal conclusions and RST's beliefs regarding those conclusions, neither of which are factual.

258.     Undisputed.

259.     Defendants are not required to respond to this statement because it is a legal conclusion and thus not a proper assertion of fact.

260.     Defendants are not required to respond to this statement because it is not a statement of material fact, as required by D.S.D. Civ. LR 56.1(A), but a collection of statements made in a deposition.  The statements are also not material to the pending motions for summary judgment.  In any event, Defendants do not dispute the statement that Mr. Roessel read the 1868 Fort Laramie Treaty.  The remaining statements are the witness' understanding of treaty rights, which is not a factual statement but a legal conclusion, and Defendants therefore need not respond.

261.     Defendants are not required to respond to this statement because it is not a statement of material fact, as required by D.S.D. Civ. LR 56.1(A), but a collection of statements made in a deposition.  Moreover, the statements are the witness' understanding of treaty rights, which is not a factual statement but a legal conclusion, and Defendants therefore need not respond.

262.     Undisputed.

263.     Undisputed.

264.     Undisputed to the extent that a statement was made that addressed treaty rights.  CRST-002451-CRST-002453.

265.     Undisputed that the Treaty was raised by tribal participants.

266.     Undisputed.

267.        Undisputed, but incomplete.  Mr. Roessel testified that Cheyenne River

Sioux Tribe "wanted the superintendent like it was back in the sixties."  Roessel Dep.

192:16-17.

268.        Undisputed.

269.        Defendants are not required to respond to the first statement—that "[t]he

trust responsibility is reflective of the [1868 Ft. Laramie] treaty"—because that is a legal

conclusion, not a fact.  In The remaining statements in this paragraph statements are a

purported recitation of the Fort Laramie Treaty of 1868, which is also not a fact to which

Defendants must respond.  In any event, Defendants dispute that this statement correctly

recites the language of that Treaty.

270.        Defendants are not required to respond to this statement because it is not a

statement of material fact, as required by D.S.D. Civ. LR 56.1(A), but a collection of

statements and argument.  Defendants also need not respond to these statements because

they are not material to the resolution of the pending motions for summary judgment.

## IV.     CRST's SMF is Improper

Defendants hereby incorporate the arguments that they made with respect to

RST's SMF because CRST's SMF improperly includes paragraphs containing several

statements, immaterial facts, and legal conclusions.  Further, Defendants object to

CRST's practice of copying and pasting entire paragraphs from the Farlee Affidavit, ECF

No. 85, into its SMF.  Such a practice violates D.S.D. Civ. LR 56.1(A)'s command that a

material fact be presented in a separately numbered statement.  Defendants submit this

response, even though they respectfully maintain that such a response should not be

necessary for Plaintiffs' consultation arguments, as those are brought under the

Administrative Procedure Act and so the Court should therefore "review, not try" the facts found in the Administrative Record. *Bettor Racing, Inc.*, 47 F. Supp. 3d at 918.

Nevertheless, and without conceding that CRST's SMF is proper, Defendants have attempted to respond to CRST's SMF as set forth below.

## V.  Specific Responses to CRST's SMF

Without waiving the foregoing objections, Defendants hereby respond to the numbered paragraphs of CRST's SMF as follow:

1. Undisputed.

2. Undisputed.

3. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

4. Undisputed.

5. Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of legal conclusions, to which Defendants need not respond.

6. Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of arguments, to which Defendants need not respond.  In any event, Defendants dispute these arguments. Defendants were responsive to tribal needs during the consultation process, and addressed tribal concerns, including CRST's.  *See, e.g.*, CRST-003517 (Tribal Consultation Report); CRST-002460:24:11-13, CRST-002501:187:6-23, CRST-002502:192:24-193:11.

7.   Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements from an affidavit. Defendants dispute any suggestion that CRST is not receiving ELO services.  Dearman Decl. ¶ 14.  And Defendants clarify that BIE "did not consider" the line offices "closed, just that we didn't have the personnel," and the agency was "in a position where [it] had to cover" by "distribut[ing] the oversight to other people," and with such uncertainty surrounding what positions and locations to advertise, the agency was unable to fill those vacancies.  Roessel Dep. 117:17-119:11, 125:15-19.

8.   Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements from an affidavit. To the extent CRST suggests that they are not receiving ELO services, Defendants dispute that suggestion.  See Dearman Decl. ¶ 14.

9.   Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of statements from an affidavit. Defendants dispute any suggestion that they implemented ERCs or reassigned schools to new ADDs before Congressional approval, Roessel Dep. 239:10-13, Yu Dep. 241:14-242:4 (explaining Blueprint initiatives that had started at that time, such as budget increases); Dearman Decl. ¶¶ 10, 14.

10. Undisputed that Ms. Davis provides technical assistance to CRST's tribally-controlled schools, but disputed that Ms. Davis or the Minneapolis office is the only source of technical assistance.  Dearman Decl. ¶ 14.

11. Undisputed that a new title may have been used, but dispute to the extent that CRST suggests that schools were reassigned new ADDs before Congressional approval. Dearman Decl. ¶ 10.

12. Defendants are not required to respond to this statement because it is not material to the resolution of the pending motions for summary judgment.

13. Defendants are not required to respond to this statement because it is not a statement of material fact, as required by D.S.D. Civ. LR 56.1(A), but a collection of statements made in an affidavit. In any event, Defendants dispute any suggestion that they have not provided technical assistance to CRST. Dearman Decl. ¶ 14

14. This is not a material fact, but an improper argument. In any event, disputed, as Defendants continue to provide services to CRST. Dearman Decl. ¶ 14.

15. Undisputed that the record does not show CRST requesting that position be located at Pine Ridge, but disputed to the extent CRST suggests that BIE did not create the Education Program Administrator position in response to CRST's feedback. CRST-002460:24:11-13, CRST-002501:187:6-23, CRST-002502:192:24-193:11.

16. Contrary to D.S.D. Civ. LR 56.1(A), this paragraph does not contain a specific statement of material fact but rather contains a collection of arguments, to which Defendants need not respond. In any event, undisputed that CRST opposed the closure of its ELO, but Defendants dispute the statement that "[t]he BIE is not considering that the ELO offices on each reservation were sensitive to each school's unique situation and could respond quickly and effectively." Defendants state that the ERCs are research-based and shown to be effective, CRST-002482:113:8-12, CRST-002485:122:1-16, and good reason existed to move away from ELOs. CRST-000917:39:7-7-11 CRST-

001312:136:19-25 CRST-001396; CRST-002502:192:1-13.  Defendants also dispute the last statement in this paragraph.   Plaintiffs' lawsuit has precluded the BIE from installing the ERCs in the Dakotas to date, Dearman Decl. ¶ 14, but they have been opened elsewhere and have made a difference in "getting more services to schools" and test scores reflect an "increase[] over the last two years."  Roessel Dep. 240:13-18.

Dated: March 19, 2018                    Respectfully submitted,

                                         CHAD. A. READLER
                                         Acting Assistant Attorney General

                                         RONALD A PARSONS, JR.
                                         United States Attorney

                                         CHERYL SCHREMPP DUPRIS
                                         Assistant United States Attorney
                                         United States Attorney's Office
                                         325 S. 1st Street, Suite 300
                                         Sioux Falls, S.D. 57104
                                         Telephone: (605) 357-2340

                                         ERIC WOMACK
                                         Assistant Branch Director

                                         /s/Kevin M. Snell
                                         DANIEL BENSING
                                         Senior Trial Counsel
                                         KEVIN M. SNELL
                                         Trial Attorney
                                         United States Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Avenue N.W.  Room 6108
                                         Washington, D.C.  20530
                                         Tel.: (202) 305-0924
                                         Fax: (202) 616-8470
                                         E-mail:  Kevin.Snell@usdoj.gov

                                         Attorneys for Defendants