UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| **CHEYENNE RIVER SIOUX TRIBE,** **ROSEBUD SIOUX TRIBE,** ) | Case No. 3:15-cv-3018-KES |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| **RYAN ZINKE, Secretary of Interior,** **et al.,** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF CHEYENNE RIVER SIOUX TRIBE'S**
**RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS**

1. Undisputed to the extent that it quotes the Preliminary Findings and Recommendations prepared by the American Indian Education Study Group ("Study Group") dated April 17, 2014.

2. Disputed. Plaintiff CRST is unable to verify how many schools, tribal leaders, and other individuals and groups were visited by the Study Group, and whether the Study Group had developed any plans for reorganization prior to their visits.

3. Disputed. In looking at the administrative record cited, CRST-000057-CRST-000071, Plaintiff CRST cannot confirm that the Study Group met with any CRST officials. The cited "notes" indicate a date of October 31, 2013, then have the words "STUDY GROUP" and "CHEYENNE RIVER SIOUX TRIBE", then "Dave A and Mr." From this information it is impossible to confirm if any members of the Study Group met with any officials from CRST on the noted date. In fact, the name "Dave A appears to identify Dave Archambault, who is in fact a member of the Standing

1

       Rock Sioux Tribe and not from the Cheyenne River Sioux Tribe." It would be impossible to identify who "Mr." is referring to in the notes. Additionally, this immaterial to the issue of summary judgment because it was not a government-to-government consultation as that term is defined.

4. Undisputed to the extent this is what the draft Blueprint states. CRST is unable to independently verify how many "stakeholders" and from which tribes the Study Group met with, and when, or how many email comments were received by the Study Group.

5. Undisputed to the extent that the draft Blueprint is dated April 17, 2014. The draft Blueprint was not provided prior to the Loneman School Consultation Transcript.

6. Undisputed that Defendants published a notice of consultation in the Federal Register. Disputed that the draft Blueprint was the subject of tribal consultations, including Loneman consultation. A review of the meeting transcript refers to a Powerpoint presentation but does not discuss the draft Blueprint.

7. Undisputed.

8. Undisputed to the extent that CRST Education Director Dr. Cherie Farlee testified to being present at the Loneman Consultation meeting. The Loneman Consultation transcript also reflects that CRST Council Representative Merrie Miller-White Bull attended for a brief time.

9. Undisputed.

10. Disputed. Plaintiff CRST cannot determine whether Defendants incorporated all feedback into a June 2014 report.

11. Disputed. Plaintiff CRST cannot verify that the Study Group's report was the basis for Secretarial Order #3334.

12. Undisputed.

13. Disputed. The record shows that the BIE held four consultations before the Blueprint was released and four consultations after the Blueprint was released. Any other meetings, webinars, teleconferences, etc…. were not government-to-government consultations.

14. Disputed. Plaintiff CRST did not attend all meetings purportedly held and therefore does not know what was distributed at each meeting. At the February 2015 meeting in Eagle Butte, South Dakota, and at the April 2015 consultation session in Rapid City, South Dakota, the handouts that were presented were not complete and/or did not contain important information needed by Plaintiff CRST to meaningfully consult.

15. Undisputed to the extent that Dr. Roessel met with CRST officials on that date. CRST officials, however, made it clear that the meeting was not a consultation.

16. Defer to Intervenor-Plaintiff Rosebud Sioux Tribe.

17. Defer to Intervenor-Plaintiff Rosebud Sioux Tribe.

18. Disputed to the extent that the April and May 2015 meetings were consultations. The cited document in the administrative record states that at least one of the so-called "consultations" was with the United South and Eastern Tribes, not a tribal government. One of the other consultations was a webinar, which Dr. Roessel conceded is not consultation.

19. Undisputed.

20. Disputed. The consultation booklet was made available no more than one day before the consultation via email, and hard copies were only made available on the day of consultation.

21. Disputed. Slides were shown at the consultation that were not made publicly available until *after* the consultation. Notably, the slides that were missing in advance of the consultation were those that showed the positions proposed to be created in Washington D.C. – away from the local agencies.

22. Undisputed.

23. Undisputed to the extent that CRST submitted comments and questions in the form of a letter at the April 22, 2015 consultation, but it was July 2015 before BIE responded, and their response was vague, dismissive, and did not provide the requested information.

24. Disputed. The cited document in the administrative record, CRST-003208-CRST-003209, is a portion of a transcript from a Mr. Nuttle, who identified himself as being an employee of the Bureau of Indian Education.

25. Undisputed that BIE released a Tribal Consultation Report. Disputed to the extent that CRST cannot verify which comments were summarized and which comments were ignored by Defendants in preparing the report.

26. Disputed. The cited transcript is a statement by Dr. Roessel that the idea for ADD grant schools came from a meeting in Rapid City in October. There is no independent contemporaneous confirmation that the suggestion was actually made by a tribal leader. His statement is not independently corroborated anywhere in the record.

27. Disputed. There is nothing in the record that shows CRST requested an EPM be placed at Pine Ridge. CRST never requested that an EPM be placed at Kyle. BIE never proposed the idea to CRST as part of ongoing consultation. The first time CRST was made aware of the described change was when it saw yet another version of the organizational charts.

28. Disputed. There is nothing in the record that shows CRST requested an ERC be placed at Pine Ridge. CRST never requested that an ERC be placed at Kyle. BIE never proposed the idea to CRST as part of ongoing consultation. The first time CRST was made aware of the described change was when it saw yet another version of the organizational charts.

29. Defer to Intervenor-Plaintiff Rosebud Sioux Tribe.

30. Undisputed that monthly stakeholder calls may have been held, but disputed that they count as government-to-government consultations.

31. Undisputed that webinars may have been held, but disputed that they count as government-to-government consultations.

32. Undisputed that CRST Education Director Dr. Farlee may have attended one or more webinars, but disputed that her participation constitutes government-to-government consultation.

33. Defer to Intervenor-Plaintiff Rosebud Sioux Tribe.

34. Undisputed.

35. Disputed. CRST Education Director Dr. Farlee has described in her affidavit the lack of services and technical assistance that Cheyenne River Agency has received since the restructuring was implemented.

36. Objection. Not material to the pending motions for summary judgment. Subject to this objection, CRST has not independently verified this statement but does not dispute it.

37. Defer to Intervenor-Plaintiff Rosebud Sioux Tribe.

38. Disputed. This is a legal conclusion. There is nothing in the record that supports this contention.

39. Defer to Intervenor-Plaintiff Rosebud Sioux Tribe.

40. Undisputed.

41. Undisputed.

42. Disputed. The record shows that Defendants began moving personnel prior to approval of the reprogramming by Congress.

43. Undisputed.

44. Disputed. Plaintiff CRST does not know the reason that the staffing in the proposed ERCs has not been completed in the Dakotas. There is nothing in the record to support this contention.

Dated: April 2, 2018

                                              Respectfully submitted,

                                                /s/ Tracey A. Zephier
                                            TRACEY A. ZEPHIER
                                            FREDERICKS, PEEBLES, & MORGAN, LLP
                                            520 Kansas City Street, Suite 101
                                            Rapid City, SD 57701
                                            Ph:  (605) 791-1515
                                            Fax: (605) 791-1915
                                            Email: tzephier@ndnlaw.com
                                            Attorney for Plaintiff CRST

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff Cheyenne River Sioux Tribe's Response to Defendants' Statement of Material Facts was served via e-filing, upon the following person(s):

Charles Abourezk
PO Box 9460
2020 W. Omaha Street
Rapid City, SD 57709-9460
cabourezk@azlaw.pro

Attorney for Rosebud Sioux Tribe


Kevin Snell, Trial Attorney
Daniel Bensing, Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6108
Washington, SD 20530
Kevin.Snell@usdoj.gov

Attorneys for Defendants


This 2nd day of April, 2018.


                          /s/ Tracey A. Zephier
                          TRACEY A. ZEPHIER
                          FREDERICKS, PEEBLES, & MORGAN, LLP
                          520 Kansas City Street, Suite 101
                          Rapid City, SD 57701
                          Ph:  (605) 791-1515
                          Fax: (605) 791-1915
                          Email: tzephier@ndnlaw.com
                          Attorney for Plaintiff CRST